UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:91-HC-350-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RAPHAEL MENDEZ, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's 18 November 2013 motion for reconsideration (DE # 178) of the court's 13 November 2013 order granting respondent's motion for a hearing to determine whether he still meets the criteria for commitment under 18 U.S.C. § 4246. Respondent was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 in September 1991. On 13 November 2013, respondent's counsel filed a motion for a hearing pursuant to 18 U.S.C. § 4247(h) to determine whether respondent should be discharged from commitment. (DE # 175.) Section 4247(h) states that:

> [C]ounsel for the person [committed pursuant to 18 U.S.C. § 4246] or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

18 U.S.C. § 4247(h). The court granted respondent's motion, and a hearing has been scheduled for 6 February 2014.[1] (DE # 176.) The government has now requested that the court vacate the order granting the motion for hearing.

---

[1] Hearings under 18 U.S.C. § 4246 are nearly always conducted by means of videoconference technology, with the respondent appearing at the federal medical facility where he is housed. In this case, respondent is housed at the Federal Medical Center in Rochester, Minnesota.

The government contends that respondent has failed to make any allegations demonstrating a change in circumstances sufficient to merit a review hearing.[2] The court notes that the only argument proffered by respondent in support of his motion for hearing was that "more than 180 days have passed" since the court's most recent determination that respondent should continue to be committed. (Mot. for Hearing, DE # 175, at 1 ¶ 3.) "However, § 4247(h) 'does not require the Court to conduct a hearing merely because a committed person has waited the required 180 days and then requests one,' and a committee's request for a hearing may be denied." United States v. Atherton, No. 5:07-HC-2200-FL, DE # 79, at 2 (E.D.N.C. Oct. 9, 2013) (quoting United States v. Barrett, No. 5:07-HC-2097-FL, DE # 132, at 3 (E.D.N.C. Oct. 30, 2012)).

Here, respondent has submitted no evidence and little argument in response to the government's motion for reconsideration. He merely states that "[t]his Court, for more than twenty years, . . . has routinely granted motions for review hearings in 18 U.S.C. 4246 cases." (Resp. Opp'n Gov't Mot., DE # 180, at 1.) Respondent is correct that this court does routinely grant motions for review hearings in § 4246 cases. In fact, the court cannot recall a time when it has ever denied such a request for a hearing.

However, respondent's case is an unusual one. As the government has pointed out, the last three annual reports[3] from respondent's treatment providers have made it abundantly clear

---

[2] Pursuant to 18 U.S.C. § 4246(e), a respondent who has been previously committed bears the burden of proving by a preponderance of the evidence that he has recovered from his mental disease or defect to such extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. See United States v. Taylor, 513 F. App'x 287, 290 (4th Cir. 2013).

[3] The annual reports were filed with the court on 23 January 2013 (DE # 166), 2 December 2011 (DE # 143), and 29 October 2010 (DE # 130).

2

that respondent continues to meet the criteria for commitment under § 4246. Those annual reports note that respondent continues to suffer from a mental illness, namely, delusional disorder; that he continues to have no insight into his mental illness; that he refuses mental health treatment; and that he has a history of violence including shooting people on two occasions. The lack of evidence demonstrating an improvement in respondent's condition obviates the need for a hearing in this case in the immediate future. Moreover, respondent's case differs significantly from other § 4246 cases that have been before this court because respondent has refused to attend his most recent review hearings[4] and has also written letters to the court explaining that he never intended to appear at those hearings. (See, e.g., Resp. Opp'n Gov't Mot., DE # 180, at 1; Hearing Minute Entries, DE ## 113, 125, 132, 152; Letters, DE ## 151, 167, 174.)

As a result of the foregoing, the motion for reconsideration (DE # 178) is GRANTED, and the court's 13 November 2013 order (DE # 176) is VACATED. The Clerk is DIRECTED to cancel the 6 February 2014 hearing. To obtain a hearing in the future, respondent's counsel should set forth the evidence he can produce to meet his burden of showing that respondent has recovered to the extent specified in 18 U.S.C. § 4246(e). The court again stresses that this case involves unique circumstances, and this order should not be construed as an open invitation to the government to regularly challenge requests for review hearings that are made by § 4246

---

[4] For this very reason, the court previously ordered that respondent's counsel must appear at the United States District Courthouse in Raleigh, North Carolina rather than at the Federal Medical Center in Rochester, Minnesota for hearings held in respondent's case. The court found that "it is a complete waste of resources for appointed counsel to request hearings and then fly to Rochester, Minnesota only to have respondent refuse to come out of his cell for the hearing." (2/8/13 Order, DE # 168, at 2.)

respondents.

This 11 December 2013.

                                                    W. Earl Britt  
                                                    Senior U.S. District Judge